# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARCEL BEARD,<br><br>   Plaintiff,<br><br>   v.<br><br>PAUL SILVA, et al.,<br><br>   Defendants. | Case No. 1:14-cv-01961-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Anthony Marcel Beard ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 10, 2014. He names Paul Silva, Jim Williams and Tom Dunn as Defendants.[1]

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 17, 2014.

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C.
3  § 1915(e)(2)(B)(ii).

4  A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
8  550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to
9  'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual
10 allegations are accepted as true, legal conclusions are not. Id.

11 Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
12 federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092
13 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
14 Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or
15 omissions of each named defendant to a violation of his rights; there is no respondeat superior
16 liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d
17 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);
18 Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim
19 for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
20 The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S.
21 at 678; Moss, 572 F.3d at 969.

22 **B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

23 Plaintiff is currently incarcerated at Valley State Prison in Chowchilla, California. The
24 events at issue occurred while Plaintiff was housed at Corcoran State Prison ("CSP") in Corcoran,
25 California.

26 Plaintiff alleges that on November 11, 2013, while working at the PIA Dairy, he was
27 standing outside of the CSP milk processing plant while on break. Defendant Silva, the supervisor
28 of the PIA Dairy, asked Plaintiff why he was wearing a hearing vest and whether he had any job

1 restrictions.  Plaintiff told Defendant Silva that he did not have any restrictions, but Defendant Silva told Plaintiff that he did not want him to operate, or work on, the packing machine because he was a safety risk.  Defendant Silva told Plaintiff that he could not do so until he gave him documentation stating that he was not a safety risk.

Plaintiff submitted a request for interview to Defendant Silva on November 11, 2013.  Plaintiff stated that staff could not discriminate against inmates with disabilities.  He also explained that Plaintiff had been doing his job for over 18 months and achieved a certificate in maintenance, with no safety infractions.

Defendant Silva was given a copy of Plaintiff's CDCR 7410 (Comprehensive Accommodation Chrono), but the discrimination did not stop.  Plaintiff was threatened with job loss, and was told not to work on, or operate, the milk packing machine.  CSP ordered a new milk packing machine in July 2014, but Defendant Silva told Plaintiff that he could not work on, or operate, the machine.  Plaintiff was denied work for three weeks.  Defendant Silva told Plaintiff that he permitted inmates to work at staff discretion.

On January 31, 2014, Plaintiff had an interview with Defendant Williams, PIA Superintendent, about his disability and the events on November 11, 2013.  Defendant Williams granted the appeal in part at the First Level, stating, "[r]equiring the use of hearing aids is a reasonable accommodation, and is not discriminatory in nature.  The requiring of written documentation due to safety concern is not discrimination."  ECF No. 1, at 6.

On March 26, 2014, Defendant Dunn, PIA Manager Administration, responded to Plaintiff's appeal at the Second Level.  He stated that requiring Plaintiff to wear his hearing aids was a reasonable accommodation while he was working on the equipment.  Defendant Dunn noted that as a supervisor, Defendant Silva is required to prevent an accident from happening.  Defendant Dunn concluded that staff acted appropriately, and noted that Plaintiff did not lose his job and was not moved to another position.  Defendant Dunn granted the appeal in part, but stated that an OSHA review was beyond the scope of the appeal process.

For relief, Plaintiff states that he "reserves the right to add monetary claim later upon finding of the maximum amount of pay for ADA claim."  ECF No. 1, at 3.

**C.     DISCUSSION**

As an initial matter, the Court notes that Plaintiff has not alleged any constitutional claims. This action, therefore, is technically not a section 1983 action.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Here, Plaintiff's claim is premised on his belief that he was safe to work without hearing aids, and that Defendant Silva's refusal to permit him to do so was discriminatory.  According to the exhibits, Plaintiff has to wear his vest when he is not wearing his hearing aids.

Although Plaintiff may believe that he is safe to work when he does not wear his hearing aids, Defendant Silva did not discriminate against him *because of* his disability.  Rather, Defendant Silva told Plaintiff that if he was wearing his vest, and presumably was not wearing his hearing aids, he could not work around the milk packing machine until he provided documentation that he was not a safety risk while not using his hearing aids.  In other words, Defendant did not fail to accommodate his disability.  To the contrary, Plaintiff held a job in the milk plant and his hearing issue was accommodated through the use of a hearing aid.  In fact, in Defendant Williams' response at the First Level, he indicates that Defendant Silva was interviewed.  Defendant Silva said that later the same day, Plaintiff came back with his hearing aids "and that's fine."  ECF No. 1, at 13.

Finally, insofar as Plaintiff names Defendants in their individual capacity, he cannot state a claim against them. "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, 2005 WL 3284405, *8 (E.D.Cal. 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue his ADA claim against the individual Defendants named in the complaint.

Based on the above, the Court finds that Plaintiff does not state a claim under the ADA. Given the nature of the deficiencies, the Court finds that leave to amend cannot cure the issues. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

**D.  CONCLUSION AND ORDER**

Accordingly, it is HEREBY ORDERED that this action is DISMISSED for failure to state a claim for which relief may be granted.

IT IS SO ORDERED.

Dated:  **May 14, 2015**                                    /s/ *Dennis L. Beck*
                                                                       UNITED STATES MAGISTRATE JUDGE

5